MAG. DOLINGER DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

08 CV 5365

FIREMAN'S FUND INSURANCE COMPANY,        :
as subrogee of Evergreene Painting Studios, Inc.    :
777 San Marin Drive                      :        CIVIL ACTION NO.
Novato, CA  94998                        :

                        Plaintiff,        :

         -v-                              :

450 WEST 31st STREET OWNERS CORP.        :
450 West 31st Street                     :
New York, NY 10001                       :

RENOVATIONS MECHANICAL CONTRACTING        :
INCORPORATED                             :
111 Elmwood Avenue                       :
Langhorne, PA  19047                     :

                                         :
TPC II CONTRACTORS, INC.                 :
140 35th Street                          :
Brooklyn, NY  11232                      :

                                         :        **JURY TRIAL DEMANDED**
METROMOTION PRODUCTIONS, INC.            :
450 West 31st Street, 8th Floor          :
New York, NY 10001                       :

         -and-                           :

DAYLIGHT STUDIOS, L.L.C.                 :
450 West 31st Street, 8th Floor          :
New York, NY 10001                       :

                        Defendants.      :

RECEIVED
JUN 12 2008
U.S.D.C. S.D. N.Y.
CASHIERS

## COMPLAINT

Plaintiff, Fireman's Fund Insurance Company, as subrogee of Evergreene Painting

Studios, Inc., by its attorneys, Cozen O'Connor, complaining of the defendants, 450 West 31st

Street Owners Corp., Renovations Mechanical Contracting Incorporated, TPC II Contractors,

Inc., Metromotion Productions, Inc. and Daylight Studios, L.L.C. alleges the following upon

information and belief:

## PARTIES

1.      Plaintiff, Fireman's Fund Insurance Company as subrogee of Evergreene Painting Studios ("FFIC") is a corporation organized and existing under the laws of the State of California with a principal place of business located at 777 San Marin Drive, Novato, CA 94998.

2.      At all times relevant herein, FFIC was authorized to conduct business and issue policies of insurance in the State of New York.

3.      FFIC provided property insurance coverage to Evergreene Painting Studios, Inc. ("Evergreene"), for its property located 450 West 31st Street, 6th and 7th floors, New York, NY 10001 pursuant to Policy No. MZI-97124435 (the "Policy").

4.      Defendant 450 West 31st Street Owners Corp. ("450 West 31st Street") is a corporation organized and existing under the laws of the State of New York with a principal place of business located at 450 West 31st Street, New York, NY 10001.

5.      At all times relevant herein, 450 West 31st Street was the owner of the premises located at 450 West 31st Street, New York, NY ("the Premises").

6.      Defendant Renovations Mechanical Contracting Incorporated ("Renovations Mechanical") is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania with a principal place of business located at 111 Elmwood Avenue, Langhorne, PA 19047.

7.      At all times relevant herein, Renovations Mechanical was a contractor hired to perform modifications on the existing sprinkler system at the Premises ("the Sprinkler System").

8.      Defendant TPC II Contractors, Inc. ("TPC") is a corporation organized and existing under the laws of the State of New York with a principal place of business located at 140 35th Street, Brooklyn, NY 11232.

2

9.     At all times relevant herein, TPC was a contractor hired to maintain, inspect, test and repair the Sprinkler System.

10.     Defendant Metromotion Productions, Inc. (Metromotion") is a corporation organized and existing under the laws of the State of New York with a principal place of business located at 450 West 31st Street, New York, NY 10001.

11.     Defendant Daylight Studios, L.L.C. ("Daylight Studios") is a corporation organized and existing under the laws of the State of New York with a principal place of business located at 450 West 31st Street, New York, NY 10001.

12.     At all times relevant herein, defendants Metromotion and Daylight Studios occupied the 8th floor of the Premises ('the 8th floor tenancy")

## JURISDICTION AND VENUE

13.     The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1332(a) as there is diversity of citizenship between plaintiff and defendant and the amount in controversy, exclusive of interest and costs, exceeds the sum of seventy five thousand dollars ($75,000.00).

14.     Venue is proper pursuant to 28 U.S.C. § 1391 as the events which give rise to this action took place in this district.

## GENERAL ALLEGATIONS

15.     Prior to March 20, 2006, 450 West 31st Street hired Mechanical to perform modifications to the existing Sprinkler System.

16.     Prior to March 20, 2006, defendant TPC was hired to inspect, test and maintain the Sprinkler System.

17.     Prior to March 20, 2006, an overhead heater ("the Heater") was installed in the 8th floor tenancy close to a sprinkler head ("the Sprinkler Head").

18.     On or about March 20, 2006, TPC tested the Sprinkler System, which testing required that the Sprinkler System be drained and recharged.

19.    On or about March 20, 2006, while the Sprinkler System was being recharged, the Sprinkler Head located opened and a large volume of water escaped before the system was shut down.

20.    Water flooded down into Evergreene's 7th floor premises, saturating the premises and causing substantial damages to the Evergreene's property therein ("the Incident").

21.    The failure of the Sprinkler Head and the resulting water damage was directly and proximately caused by the negligent acts and omissions of the defendants.

22.    Pursuant to the terms and conditions of the Policy, Fireman's Fund made payments to Evergreene for the damages to its property in an amount in excess of Two Hundred Thousand Dollars ($200,000.00)

23.    To the extent of its payment to Evergreene and in accordance with the terms and conditions of the Policy and the common law principles of equitable subrogation, Fireman's Fund is subrogated to all rights, claims and causes of action of its insured, Evergreene, against the defendants.

## COUNT I
## NEGLIGENCE
## FFIC v. 450 WEST 31st STREET

24.    Plaintiff incorporates by reference the allegations contained in paragraphs "1" through "23" as though set forth at length herein.

25.    The failure of the Sprinkler Head and the resulting water damage to Evergreene's 7th floor premises were directly and proximately caused by the negligent acts and omissions of 450 West 31st Street, its agents, servants and/or employees acting within the course and scope of their employment, both generally and in the following particulars:

    a)    installing the Heater too close to the Sprinkler Head;

    b)    failing to investigate how the installation of the Heater would impact the Sprinkler Head;

4

c)    failing to correct the hazardous condition which existed in the sprinkler system in the 8th floor tenancy.

d)    maintaining a dangerous and non-code compliant sprinkler system; and,

e)    failing to hire competent contractors to properly and safely install, modify, test, inspect, maintain and recharge the Sprinkler System; and,

f)    failing to hire competent contractors to properly and safely install the Heater.

26.    As a direct and proximate result of 450 West 31st Street's negligent acts and/or omissions, Evergreene sustained damages in an amount in excess of Two Hundred Thousand Dollars ($200,000.00).

27.    Pursuant to the terms of the Policy, FFIC made payments to Evergreene in an amount in excess of Two Hundred Thousand Dollars ($200,000.00).

28.    FFIC is subrogated to the rights of its insured to the extent of the payments made pursuant to the policy of insurance, together with interest and costs.

WHEREFORE, FFIC demands that judgment be entered in its favor and against 450 West 31st Street in an amount in excess of Two Hundred Thousand Dollars ($200,000.00), the exact amount of which will be proven at trial, together with interest and the costs of this action.

## COUNT II
## BREACH OF LEASE
## FFIC v. 450 WEST 31st STREET

29.    Plaintiff incorporates by reference the allegations contained in paragraphs "1" through "28" as though set forth at length herein.

30.    Prior to March 20. 2006, Evergreene entered into a lease agreement with 450 West 31st Street.

31.    Pursuant to the terms of the lease agreement, 450 West 31st Street's was responsible, *inter alia,* for the maintenance and repair of the sprinkler and heating systems in the Premises

32.    In direct breach of the lease, 450 West 31st Street failed to properly and safely install the Heater and maintain the Sprinkler System and correct the problem with the Sprinkler Head and the Heater.

33.    As a direct and proximate result of 450 West 31st Street's breach of lease, the Sprinkler Head failed, causing water to flood Evergreene's 7th floor premises.

34.    As a direct and proximate result of 450 West 31st Street's breach of lease, Evergreene sustained damages in an amount in excess of Two Hundred Thousand Dollars ($200,000.00).

35.    Pursuant to the terms of the Policy, FFIC made payments to Evergreene in an amount in excess of Two Hundred Thousand Dollars ($200,000.00).

36.    FFIC is subrogated to the rights of its insured to the extent of the payments made pursuant to the policy of insurance, together with interest and costs.

WHEREFORE, FFIC demands that judgment be entered in its favor and against 450 West 31st Street in an amount in excess of Two Hundred Thousand Dollars ($200,000.00), the exact amount of which will be proven at trial, together with interest and the costs of this action.

### COUNT III
### NEGLIGENCE
### FFIC v. RENOVATIONS MECHANICAL

37.    Plaintiff incorporates by reference the allegations contained in paragraphs "1" through "36" as though set forth at length herein.

38.    The failure of the Sprinkler Head and the resulting water damage to Evergreene's 7th floor premises were directly and proximately caused by the negligent acts and omissions of Renovations Mechanical, its agents, servants and/or employees acting within the course and scope of their employment, both generally and in the following particulars:

    a)    installing an improperly rated Sprinkler Head too close to an existing overhead heater;

6

b)      failing to investigate how the proximity of the heater would impact the Sprinkler Head;

c)      installing a dangerous and non-code compliant Sprinkler System at the Premises;

d)      failing to properly and adequately train and supervise its employees, agents, and/or servants;

e)      failing to warn of the hazardous condition which existed in the Sprinkler Head; and,

f)      failing to perform its work and render its services in a good and workmanlike manner in accordance with industry custom and practice.

39.     As a direct and proximate result of Renovations Mechanical's negligent acts and/or omissions, Evergreene sustained damages in an amount in excess of Two Hundred Thousand Dollars ($200,000.00).

40.     Pursuant to the terms of the Policy, FFIC made payments to Evergreene in an amount in excess of Two Hundred Thousand Dollars ($200,000.00).

41.     FFIC is subrogated to the rights of its insured to the extent of the payments made pursuant to the policy of insurance, together with interest and costs.

WHEREFORE, FFIC demands that judgment be entered in its favor and against Renovations Mechanical in an amount in excess of Two Hundred Thousand Dollars ($200,000.00), the exact amount of which will be proven at trial, together with interest and the costs of this action.

**COUNT IV**
**NEGLIGENCE**
**FFIC v. TPC**

42.     Plaintiff incorporates by reference the allegations contained in paragraphs "1" through "41" as though set forth at length herein.

43.     The failure of the Sprinkler Head and the resulting water damage to Evergreene's 7th floor premises were directly and proximately caused by the negligent acts and omissions of

TPC, its agents, servants and/or employees acting within the course and scope of their employment, both generally and in the following particulars:

a)   failing to properly and adequately maintain, inspect, test and recharge the Sprinkler System;

b)   failing to discover during its periodic inspection and testing of the Sprinkler System that the improperly rated Sprinkler Head was installed to close to an overhead heater;

c)   failing to correct the hazardous condition which existed in the Sprinkler System.

d)   failing to properly and adequately train and supervise its employees, agents, and/or servants; and,

e)   failing to perform its work and render its services in a good and workmanlike manner in accordance with industry custom and practice.

44.   As a direct and proximate result of TPC's negligent acts and/or omissions, Evergreene sustained damages in an amount in excess of Two Hundred Thousand Dollars ($200,000.00).

45.   Pursuant to the terms of the Policy, FFIC made payments to Evergreene in an amount in excess of Two Hundred Thousand Dollars ($200,000.00).

46.   FFIC is subrogated to the rights of its insured to the extent of the payments made pursuant to the policy of insurance, together with interest and costs.

WHEREFORE, FFIC demands that judgment be entered in its favor and against TPC in an amount in excess of Two Hundred Thousand Dollars ($200,000.00), the exact amount of which will be proven at trial, together with interest and the costs of this action.

**COUNT V**
**NEGLIGENCE**
**FFIC v. METROMOTION**

47.   Plaintiff incorporates by reference the allegations contained in paragraphs "1" through "46" as though set forth at length herein.

48.    The failure of the Sprinkler Head and the resulting water damage to Evergreene's 7th floor premises were directly and proximately caused by the negligent acts and omissions of Metromotion, its agents, servants and/or employees acting within the course and scope of their employment, both generally and in the following particulars:

a)    installing an overhead heater too close to the Sprinkler Head;

b)    failing to investigate how the installation of the overhead heater would impact the existing Sprinkler Head;

c)    maintaining a dangerous and non-compliant Sprinkler System within the 8th floor tenancy; and,

d)    failing to properly and safely maintain its 8th floor tenancy.

49.    As a direct and proximate result of Metromotion's negligent acts and/or omissions, Evergreene sustained damages in an amount in excess of Two Hundred Thousand Dollars ($200,000.00).

50.    Pursuant to the terms of the Policy, FFIC made payments to Evergreene in an amount in excess of Two Hundred Thousand Dollars ($200,000.00).

51.    FFIC is subrogated to the rights of its insured to the extent of the payments made pursuant to the policy of insurance, together with interest and costs.

WHEREFORE, FFIC demands that judgment be entered in its favor and against Metromotion in an amount in excess of Two Hundred Thousand Dollars ($200,000.00), the exact amount of which will be proven at trial, together with interest and the costs of this action.

**COUNT VI**
**NEGLIGENCE**
**FFIC v. DAYLIGHT STUDIOS**

52.    Plaintiff incorporates by reference the allegations contained in paragraphs "1" through "51" as though set forth at length herein.

53.    The failure of the Sprinkler Head and the resulting water damage to Evergreene's 7th floor premises were directly and proximately caused by the negligent acts and omissions of

Daylight Studios, its agents, servants and/or employees acting within the course and scope of their employment, both generally and in the following particulars:

  a)   installing an overhead heater too close to the Sprinkler Head;

  b)   failing to investigate how the installation of the overhead heater would impact the existing Sprinkler Head;

  c)   maintaining a dangerous and non-compliant Sprinkler System within the 8th floor tenancy; and,

  d)   failing to properly and safely maintain its 8th floor tenancy.

54.    As a direct and proximate result of Daylight Studios' negligent acts and/or omissions, Evergreene sustained damages in an amount in excess of Two Hundred Thousand Dollars ($200,000.00).

55.    Pursuant to the terms of the Policy, FFIC made payments to Evergreene in an amount in excess of Two Hundred Thousand Dollars ($200,000.00).

56.    FFIC is subrogated to the rights of its insured to the extent of the payments made pursuant to the policy of insurance, together with interest and costs.

WHEREFORE, FFIC demands that judgment be entered in its favor and against Daylight Studios in an amount in excess of Two Hundred Thousand Dollars ($200,000.00), the exact amount of which will be proven at trial, together with interest and the costs of this action.

Dated: June 11, 2008
New York, New York

Respectfully submitted,

COZEN O'CONNOR

BY: _____

Robert W. Phelan, Esquire
Bar Code No. RP3825
45 Broadway Atrium, 16th Floor
New York, NY 10006
212-509-9400

Of Counsel:
Matthew F. Noone, Esquire
(MN8121)
COZEN O'CONNOR
1900 Market Street
Philadelphia, PA  19103
215-665-2192