UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------X    Case no: 08-CV-5365
FIREMAN'S FUND INSURANCE COMPANY,                    (CM)(MHD)
As subrogee of Evergreene Painting
Studios, Inc.,

                    Plaintiff(s),

                                          ANSWER CROSSCLAIMS
                                          AND DEMAND
                                          FOR JURY TRIAL

          -against-

450 WEST 31ST STREET OWNERS CORP.,
RENOVATIONS MECHANICAL CONTRACTING
INCOPORATED, TPC II CONTRACTORS, INC.
METROMOTION PRODUCTIONS, INC. and
DAYLIGHT STUDIOS, L.L.C.,

                    Defendant(s).
-------------------------------------X

     Defendant, Renovations Mechanical Contracting Incorporated
(hereinafter, "Renovations") answers the original complaint as
follows:

                    ADMISSIONS AND DENIALS

     1.    Deny knowledge or information sufficient to form a
belief as to the truth of the allegations contained in paragraph
"1" of plaintiff's complaint and respectfully refer all
questions of law to the trial court.

     2.    Deny knowledge or information sufficient to form a
belief as to the truth of the allegations contained in paragraph
"2" of plaintiff's complaint and respectfully refer all
questions of law to the trial court.

3.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "3" of plaintiff's complaint and respectfully refer all questions of law to the trial court.

4.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "4" of plaintiff's complaint and respectfully refer all questions of law to the trial court.

5.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "5" of plaintiff's complaint and respectfully refer all questions of law to the trial court.

6.    Admit the truth of the allegations contained in paragraph "6" of plaintiff's complaint.

7.    Deny the truth of the allegations contained in paragraph "7" of plaintiff's complaint in that Renovations was not hired at all times.

8.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "8" of plaintiff's complaint and respectfully refer all questions of law to the trial court.

9.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph

"9" of plaintiff's complaint and respectfully refer all questions of law to the trial court.

10.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "10" of plaintiff's complaint and respectfully refer all questions of law to the trial court.

11.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "11" of plaintiff's complaint and respectfully refer all questions of law to the trial court.

12.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "12" of plaintiff's complaint and respectfully refer all questions of law to the trial court.

13.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "13" of plaintiff's complaint as Renovations does not know the citizenship of other parties and respectfully refer all questions of law to the trial court.

14.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "14" of plaintiff's complaint as Renovations does not know the citizenship of other parties and respectfully refer all questions of law to the trial court.

15.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "15" of plaintiff's complaint and respectfully refer all questions of law to the trial court.

16.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "16" of plaintiff's complaint and respectfully refer all questions of law to the trial court.

17.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "17" of plaintiff's complaint and respectfully refer all questions of law to the trial court.

18.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "18" of plaintiff's complaint and respectfully refer all questions of law to the trial court.

19.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "19" of plaintiff's complaint and respectfully refer all questions of law to the trial court.

20.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "20" of plaintiff's complaint and respectfully refer all questions of law to the trial court.

21.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "21" of plaintiff's complaint and respectfully refer all questions of law to the trial court.

22.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "22" of plaintiff's complaint and respectfully refer all questions of law to the trial court.

23.   Paragraph "23" requires neither admission nor denial.

24.   Paragraph "24" requires neither admission nor denial.

25.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "25" of plaintiff's complaint and respectfully refer all questions of law to the trial court.

26.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "26" of plaintiff's complaint and respectfully refer all questions of law to the trial court.

27.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "27" of plaintiff's complaint and respectfully refer all questions of law to the trial court.

28.   Paragraph "28" requires neither admission nor denial.

29.   Paragraph "29" requires neither admission nor denial.

30.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "30" of plaintiff's complaint and respectfully refer all questions of law to the trial court.

31.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "31" of plaintiff's complaint and respectfully refer all questions of law to the trial court.

32.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "32" of plaintiff's complaint and respectfully refer all questions of law to the trial court.

33.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "33" of plaintiff's complaint and respectfully refer all questions of law to the trial court.

34.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "34" of plaintiff's complaint and respectfully refer all questions of law to the trial court.

35.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "35" of plaintiff's complaint and respectfully refer all questions of law to the trial court.

36.    Paragraph "36" requires neither admission nor denial.

37.    Paragraph "37" requires neither admission nor denial.

38.    Deny the truth of the allegations contained in paragraph "38" of plaintiff's complaint.

39.    Deny the truth of the allegations contained in paragraphs "39" of plaintiff's complaint.

40.    Admit the truth of the allegations contained in paragraph "40" of plaintiff's complaint.

41.    Paragraph "41" requires neither admission nor denial.

42.    Paragraph "42" requires neither admission nor denial.

43.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "43" of plaintiff's complaint and respectfully refer all questions of law to the trial court.

44.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "44" of plaintiff's complaint and respectfully refer all questions of law to the trial court.

45.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "45" of plaintiff's complaint and respectfully refer all questions of law to the trial court.

46.    Paragraph "46" requires neither admission nor denial.

47.    Paragraph "47" requires neither admission nor denial.

48.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "48" of plaintiff's complaint and respectfully refer all questions of law to the trial court.

49.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "49" of plaintiff's complaint and respectfully refer all questions of law to the trial court.

50.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "50" of plaintiff's complaint and respectfully refer all questions of law to the trial court.

51.   Paragraph "51" requires neither admission nor denial.

52.   Paragraph "52" requires neither admission nor denial.

53.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "53" of plaintiff's complaint and respectfully refer all questions of law to the trial court.

54.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "54" of plaintiff's complaint and respectfully refer all questions of law to the trial court.

55.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph

"55" of plaintiff's complaint and respectfully refer all questions of law to the trial court.

56.    Paragraph "56" requires neither admission nor denial.

57.    Paragraph "57" requires neither admission nor denial.

## DEFENSES

### FIRST AFFIRMATIVE DEFENSE

58. The damages, if any, alleged to have been sustained by the Plaintiff as subrogee were caused in whole or in part by the culpable conduct of the Plaintiff's subrogee.

59. The Defendant, Renovations Mechanical Contracting Incorporated, demands judgment dismissing the complaint or in the alternative apportioning the liability between Plaintiff and the Defendant's and the cost and disbursements of this action.

### SECOND AFFIRMATIVE DEFENSE

60. The damages, if any, alleged to have been sustained by the Plaintiff as subrogee were caused in whole or in part by the culpable conduct of Co-Defendant 450 West 31st Street Owners Corp.

61. The Defendant, Renovations Mechanical Contracting Incorporated, demands judgment dismissing the complaint or in the alternative apportioning the liability between Plaintiff and the Co-Defendant's and the cost and disbursements of this action.

### THIRD AFFIRMATIVE DEFENSE

62. The damages, if any, alleged to have been sustained by the Plaintiff as subrogee were caused in whole or in part by the culpable conduct of Co-Defendant TPC II Contractors, Inc.

63. The Defendant, Renovations Mechanical Contracting Incorporated, demands judgment dismissing the complaint or in the alternative apportioning the liability between Plaintiff and the Co-Defendant's and the cost and disbursements of this action.

### FOURTH AFFIRMATIVE DEFENSE

64. The damages, if any, alleged to have been sustained by the Plaintiff as subrogee were caused in whole or in part by the culpable conduct of Co-Defendant Metromotion Productions, Inc.

65. The Defendant, Renovations Mechanical Contracting Incorporated, demands judgment dismissing the complaint or in the alternative apportioning the liability between Plaintiff and the Co-Defendant's and the cost and disbursements of this action.

### FIFTH AFFIRMATIVE DEFENSE

66. The damages, if any, alleged to have been sustained by the Plaintiff as subrogee were caused in whole or in part by the culpable conduct of Co-Defendant Daylight Studios, L.L.C.

67. The Defendant, Renovations Mechanical Contracting

Incorporated, demands judgment dismissing the complaint or in the alternative apportioning the liability between Plaintiff and the Co-Defendant's and the cost and disbursements of this action.

**AS AND FOR A FIRST CROSSCLAIM AGAINST**
**450 WEST 31ST STREET OWNERS CORP.**

68. The Plaintiff alleges in the complaint that at the time, date and location alleged in the complaint the Defendant 450 West 31st Street Owners Corp., did cause the Plaintiff's subrogee damages.

69. Jurisdiction and venue are alleged in Paragraphs "13" and "14" of the Plaintiff's complaint.

70. The alleged jurisdiction of this court is invoked pursuant to 28 U.S.C. §1332(a) as there is diversity of citizenship between Plaintiff and Defendants and the amount in controversy exclusive of interest, costs, exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00).

71. Venue is alleged by the Plaintiff as proper pursuant to 28 U.S.C § 1391 as the events which give rise to this action took place in this district.

72. The Defendant 450 West 31st Street Owners Corp. a Pennsylvania corporation with a principal place of business located at 111 Elmwood Avenue, Longhorne, Pennsylvania alleges diversity of citizenship against the Defendant and all Co-

Defendants and as alleged in Plaintiff's complaint damages to exceed Seventy-Five Thousand Dollars ($75,000.00).

73. As alleged in Plaintiff's complaint in Paragraphs "1", "4", "8", "10", "11" and "12", the Defendant 450 West 31st Street Owners Corp. further alleges that venue is proper as the events which give rise to this action took place in this district.

74. The Defendant 450 31st Street Owners Corp alleges its cross claims are permissible pursuant to FRCP13L.

75. That if the Plaintiff was caused to sustain damages at the time and place mentioned in the Complaint and in the manner alleged in the Plaintiff's Complaint through any carelessness, recklessness, and negligence other than the Plaintiff's own carelessness, recklessness and negligence those damages were sustained by reason of the sole activity and primary carelessness, recklessness, and/or affirmative acts of omission or commission by the Co-Defendant 450 West 31st Street Owners Corp. and if any judgment is recovered herein by the Plaintiff against the Defendant, Renovations Mechanical Contracting Incorporated he will be damaged thereby and the Co-Defendant 450 West 31st Street Owners Corp., are or will be primary responsible therefore.

76. That by reason of the forgoing, the Co-Defendant 450 West 31st Street Owners Corp., will be liable to the Defendant Renovations Mechanical Contracting Incorporated in the event of

recovery herein by the Plaintiff against the Defendant Renovations Mechanical Contracting Incorporated and for any and all attorney's fees and costs of investigations and disbursements.

<u>AS AND FOR A SECOND CROSSCLAIM AGAINST</u><br>
<u>TPC II CONTACTORS, INC.</u>

77.    The Plaintiff alleges in the complaint that at the time, date and location alleged in the complaint the Defendant TPC II Contractors, Inc., did cause the Plaintiff's subrogee damages.

78.    Jurisdiction and venue are alleged in Paragraphs "13" and "14" of the Plaintiff's complaint.

79.    The alleged jurisdiction of this court is invoked pursuant to 28 U.S.C. §1332(a) as there is diversity of citizenship between Plaintiff and Defendants and the amount in controversy exclusive of interest, costs, exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00).

80.    Venue is alleged by the Plaintiff as proper pursuant to 28 U.S.C § 1391 as the events which give rise to this action took place in this district.

81.    The Defendant TPC II Contractors, Inc. a Pennsylvania corporation with a principal place of business located at 111 Elmwood Avenue, Longhorne, Pennsylvania alleges diversity of citizenship against the Defendant and all Co-Defendants and as

alleged in Plaintiff's complaint damages to exceed Seventy-Five Thousand Dollars ($75,000.00).

82.    As alleged in Plaintiff's complaint in Paragraphs "1", "4", "8", "10", "11" and "12", the TPC II Contractors, Inc. further alleges venue is proper as the events which give rise to this action took place in this district.

83.    The Defendant TPC II Contractors, Inc. alleges its cross claims are permissible pursuant to FRCP13L.

84.    That if the Plaintiff was caused to sustain damages at the time and place mentioned in the Complaint and in the manor alleged in the Plaintiff's Complaint through any carelessness, recklessness, and negligence other than the Plaintiff's own carelessness, recklessness and negligence those damages were sustained by reason of the sole activity and primary carelessness, recklessness, and/or affirmative acts of omission or commission by the Co-Defendant TPC II Contractors, Inc. and if any judgment is recovered herein by the Plaintiff against the Defendant, Renovations Mechanical Contracting Incorporated he will be damaged thereby and the Co-Defendant TPC II Contractors, Inc., are or will be primary responsible therefore.

85.    That by reason of the forgoing, the Co-Defendant TPC II Contractors, Inc., will be liable to the Defendant Renovations Mechanical Contracting Incorporated in the event of recovery herein by the Plaintiff against the Defendant

-14-

Renovations Mechanical Contracting Incorporated and for any and all attorney's fees and costs of investigations and disbursements.

<strong><u>AS AND FOR A THIRD CROSSCLAIM AGAINST<br>METROMOTION PRODUCTIONS, INC.</u></strong>

86. The Plaintiff alleges in the complaint that at the time, date and location alleged in the complaint the Defendant Metromotion Productions, Inc. did cause the Plaintiff's subrogee damages.

87. Jurisdiction and venue are alleged in Paragraphs "13" and "14" of the Plaintiff's complaint.

88. The alleged jurisdiction of this court is invoked pursuant to 28 U.S.C. §1332(a) as there is diversity of citizenship between Plaintiff and Defendants and the amount in controversy exclusive of interest, costs, exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00).

89. Venue is alleged by the Plaintiff as proper pursuant to 28 U.S.C § 1391 as the events which give rise to this action took place in this district.

90. The Defendant Metromotion Productions, Inc. a Pennsylvania Corporation with a principal place of business located at 111 Elmwood Avenue, Longhorne, Pennsylvania alleges diversity of citizenship against the Defendant and all Co-

Defendants and as alleged in Plaintiff's complaint damages to exceed Seventy-Five Thousand Dollars ($75,000.00).

91.  As alleged in Plaintiff's complaint in Paragraphs "1", "4", "8", "10", "11" and "12", the Defendant Metromotion Productions, Inc. further alleges venue is proper as the events which give rise to this action took place in this district.

92.  The Defendant Metromotion Productions, Inc. alleges its cross claims are permissible pursuant to FRCP13L.

93.  That if the Plaintiff was caused to sustain damages at the time and place mentioned in the Complaint and in the manor alleged in the Plaintiff's Complaint through any carelessness, recklessness, and negligence other than the Plaintiff's own carelessness, recklessness and negligence those damages were sustained by reason of the sole activity and primary carelessness, recklessness, and/or affirmative acts of omission or commission by the Co-Defendant Metromotion Productions, Inc. and if any judgment is recovered herein by the Plaintiff against the Defendant, Renovations Mechanical Contracting Incorporated he will be damaged thereby and the Co-Defendant Metromotion Productions, Inc., are or will be primary responsible therefore.

94.  That by reason of the forgoing, the Co-Defendant Metromotion Productions, Inc, will be liable to the Defendant Renovations Mechanical Contracting Incorporated in the event of recovery herein by the Plaintiff against the Defendant

Renovations Mechanical Contracting Incorporated and for any and all attorney's fees and costs of investigations and disbursements.

## AS AND FOR A FOURTH CROSSCLAIM AGAINST DAYLIGHT STUDIOS L.L.C.

95.    The Plaintiff alleges in the complaint that at the time, date and location alleged in the complaint the Defendant Daylight Studios, L.L.C., did cause the Plaintiff's subrogee damages.

96.    Jurisdiction and venue are alleged in Paragraphs "13" and "14" of the Plaintiff's complaint.

97.    The alleged jurisdiction of this court is invoked pursuant to 28 U.S.C. §1332(a) as there is diversity of citizenship between Plaintiff and Defendants and the amount in controversy exclusive of interest, costs, exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00).

98.    Venue is alleged by the Plaintiff as proper pursuant to 28 U.S.C § 1391 as the events which give rise to this action took place in this district.

99.    The Defendant Daylight Studios, L.L.C. is upon information and belief a Pennsylvania corporation with a principal place of business located at 111 Elmwood Avenue, Longhorne, Pennsylvania alleges diversity of citizenship against the Defendant and all Co-Defendants and as alleged in

Plaintiff's complaint damages to exceed Seventy-Five Thousand Dollars ($75,000.00).

100. As alleged in Plaintiff's complaint in Paragraphs "1", "4", "8", "10", "11" and "12", the Defendant Daylight Studios, L.L.C. further alleges venue is proper as the events which give rise to this action took place in this district.

101. The Defendant Daylight Studios, L.L.C. alleges its cross claims are permissible pursuant to FRCP13L.

102. That if the Plaintiff was caused to sustain damages at the time and place mentioned in the Complaint and in the manor alleged in the Plaintiff's Complaint through any carelessness, recklessness, and negligence other than the Plaintiff's own carelessness, recklessness and negligence those damages were sustained by reason of the sole activity and primary carelessness, recklessness, and/or affirmative acts of omission or commission by the Co-Defendant Daylight Studios, L.L.C. and if any judgment is recovered herein by the Plaintiff against the Defendant, Renovations Mechanical Contracting Incorporated he will be damaged thereby and the Co-Defendant Daylight Studios, L.L.C, are or will be primary responsible therefore.

103. That by reason of the forgoing, the Co-Defendant Daylight Studios, L.L.C, will be liable to the Defendant Renovations Mechanical Contracting Incorporated in the event of recovery herein by the Plaintiff against the Defendant

Renovations Mechanical Contracting Incorporated and for any and all attorney's fees and costs of investigations and disbursements.

WHEREFORE, the Defendant Renovations Mechanical Contracting Incorporated demands relief as follows:

a)    That the Complaint be dismissed because the Complaint fails to state a Cause of Action for all Causes of Action;

b)    A judgment dismissing the Complaint as to Renovations Mechanical Contracting Incorporated and further demands pursuant to CPLR §3019, that in the event that the Plaintiff recovers judgment against the Defendant, the Defendant demands judgment over and against the Co-Defendant 450 West 31st Street Owners Corp., for the amount of such judgment together with legal fees, costs and disbursements of this action;

c)    A judgment dismissing the Complaint as to Renovations Mechanical Contracting Incorporated and further demands pursuant to CPLR §3019, that in the event that the Plaintiff recovers judgment against the Defendant, the Defendant demands judgment over and against the Co-Defendant TPC II Contractors, Inc., for the amount of such judgment together with legal fees, costs and disbursements of this action;

d)    A judgment dismissing the Complaint as to Renovations Mechanical Contracting Incorporated and further demands pursuant

to CPLR §3019, that in the event that the Plaintiff recovers judgment against the Defendant, the Defendant demands judgment over and against the Co-Defendant Metromotion Productions, Inc., for the amount of such judgment together with legal fees, costs and disbursements of this action

e)    A judgment dismissing the Complaint as to Renovations Mechanical Contracting Incorporated and further demands pursuant to CPLR §3019, that in the event that the Plaintiff recovers judgment against the Defendant, the Defendant demands judgment over and against the Co-Defendant Daylight Studios, L.L.C, for the amount of such judgment together with legal fees, costs and disbursements of this action;

f)    Defendant Renovations Mechanical Contracting Incorporated demand a trial by jury for all triable issues;

g)    And for any further relief as this Court may deems just and proper.

Dated:    August 5, 2008
          Kew Gardens, New York

                    Yours etc.,
                    STEVEN ZALEWSKI & ASSOCIATES, P.C.


                    By: Dustin Bowman, Esq. (DB5509)
                    125-10 Queens Boulevard, Suite 218
                    Kew Gardens, New York 11415
                    (718) 263-6800

## CERTIFICATE OF SERVICE

    The undersigned hereby certifies that on the date noted below, he caused a true and correct copy of Defendant, RENOVATIONS MECHANICAL CONTRACTING INCOPORATED Answer and Crossclaims to be served by First Class Mail to the parties listed below.

                                    DUSTIN BOWMAN, ESQ.

Dated:  August 6, 2008

Cozen O'Connor
45 Broadway Atrium, 16th Floor
New York, New York 10006
Attn: Robert William Phelan, Esq
Attn: Matthew F. Noone

Attorney for Plaintiff

450 West 31st Street Owners Corp.
450 West 31st Street
New York, New York 10001

TPC II Contractors, Inc.
140 35th Street
Brooklyn, New York 11232

Metromotion Productions, Inc.
450 West 31st Street, 8th Floor
New York, New York 10001

Daylight Studios, L.L. C.
450 West 31st Street, 8th Floor
New York, New York 10001