UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
FIREMAN'S FUND INSURANCE
COMPANY, as subrogee of Evergreene
Painting Studios, Inc.
777 San Marin Drive                                      **CERTIFICATION**
Novato, CA,

                                   Plaintiff,

          -v-
                                                         Index No.:  08 CV 5365

450 WEST 31ST STREET OWNERS CORP.
450 West 31st Street
New York, NY 10001

RENOVATIONS MECHANICAL
CONTRACTING INCORPORATED
111 Elmwood Avenue
Langhorne, PA 19047

TPC II CONTRACTORS INC.
140 35TH Street
Brooklyn, NY 11232

METROMOTIONS PRODUCTIONS, INC.
450 West 31st Street, 8th Floor
New York, NY 10001

          -and-

DAYLIGHT STUDIOS, L.L.C.
450 West 31st Street, 8th Floor
New York, NY 10001

                                   Defendants.
-------------------------------------------------------------------------X
C O U N S E L O R S :

        Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the

Courts of New York State, certifies that, upon information and belief and reasonable inquiry, the

contentions contained in the annexed document are not frivolous.

- Demand Pursuant to CPLR 3017(c)
- Answer with Affirmative Defenses and Cross-Claims

- Defendants First Set of Interrogatories to Plaintiff
- Notice for Discovery and Inspection

Dated: New York, New York
      August 11, 2008

LAW OFFICE OF JOHN P. HUMPHREYS

FREDERICK D. SCHMIDT JR.(FDS-__)
Attorneys for Defendants
**METROMOTION PRODUCTIONS
and DAYLIGHT STUDIOS, L.L.C.**
485 Lexington Avenue, 7th Floor
New York, NY  10017
(917) 778-6600
Matter No.:  0925653FS

TO:

COZEN O'CONNOR
Plaintiff Counsel
45 Broadway, 10th Floor
New York, NY 10006
(212) 509-9400

450 WEST 31ST STREET OWNERS CORP.
450 West 31st Street
New York, NY 10001

RENOVATIONS MECHANICAL
CONTRACTING INCORPORATED
111 Elmwood Avenue
Langhorne, PA 19047

TPC II CONTRACTORS INC.
140 35TH Street
Brooklyn, NY 11232

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------------------X

FIREMAN'S FUND INSURANCE
COMPANY, as subrogee of Evergreene
Painting Studios, Inc.
777 San Marin Drive
Novato, CA,

                             Plaintiff,

        -v-

450 WEST 31ST STREET OWNERS CORP.
450 West 31st Street
New York, NY 10001

RENOVATIONS MECHANICAL
CONTRACTING INCORPORATED
111 Elmwood Avenue
Langhorne, PA 19047

TPC II CONTRACTORS INC.
140 35TH Street
Brooklyn, NY 11232

METROMOTIONS PRODUCTIONS, INC.
450 West 31st Street, 8th Floor
New York, NY 10001

        -and-

DAYLIGHT STUDIOS, L.L.C.
450 West 31st Street, 8th Floor
New York, NY 10001

                             Defendants.

--------------------------------------------------------------------------X

**DEMAND PURSUANT
TO CPLR 3017(c)**

Index No.:  08 CV 5365

C O U N S E L O R S:

      Pursuant to CPLR §3017(c) within fifteen (15) days from the date of service of this request, you are hereby required to set forth the total damages to which plaintiff(s) deems himself/herself entitled and list same separately for each cause of action.

Dated: New York, New York
       August 11, 2008

LAW OFFICE OF JOHN P. HUMPHREYS
FREDERICK D SCHMIDT JR (FDS-        )
Attorneys for Defendants
**METROMOTION PRODUCTIONS
and DAYLIGHT STUDIOS, L.L.C.**
485 Lexington Avenue, 7th Floor
New York, NY 10017
(917) 778-6600
Matter No.: 0925653FS

TO:

COZEN O'CONNOR
Plaintiff Counsel
45 Broadway, 10th Floor
New York, NY 10006
(212) 509-9400

450 WEST 31ST STREET OWNERS CORP.
450 West 31st Street
New York, NY 10001

RENOVATIONS MECHANICAL
CONTRACTING INCORPORATED
111 Elmwood Avenue
Langhorne, PA 19047

TPC II CONTRACTORS INC.
140 35TH Street
Brooklyn, NY 11232

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
FIREMAN'S FUND INSURANCE
COMPANY, as subrogee of Evergreene
Painting Studios, Inc.
777 San Marin Drive
Novato, CA,

                                        Plaintiff,

          -v-

450 WEST 31ST STREET OWNERS CORP.
450 West 31st Street
New York, NY 10001

RENOVATIONS MECHANICAL
CONTRACTING INCORPORATED
111 Elmwood Avenue
Langhorne, PA 19047

TPC II CONTRACTORS INC.
140 35TH Street
Brooklyn, NY 11232

METROMOTIONS PRODUCTIONS, INC.
450 West 31st Street, 8th Floor
New York, NY 10001

          -and-

DAYLIGHT STUDIOS, L.L.C.
450 West 31st Street, 8th Floor
New York, NY 10001

                               Defendants.
-------------------------------------------------------------------------X

**ANSWER**

Index No.:  08 CV 5365

          The Law Office of JOHN P. HUMPHREYS, as attorney and on behalf of defendants,

METROMOTION PRODUCTIONS INC. and DAYLIGHT STUDIOS, LLC, answering the

Complaint of plaintiff here, upon information and belief, respectfully alleges:

1.     Deny any knowledge or information to form a belief as to the truth or falsity of the allegations contained in the paragraphs of the Complaint designated "1", "2", "3", "4", "5", "6", "7", "8", "9", "13", "14", "15", "16", "17", "18", "19", "20", "21", "22" and "23".

2.     Deny each and every allegation contained in the paragraph of the Complaint designated "11" except admit that defendant Daylight Studios L.L.C.("Daylight") is a New York Limited Liability Company organized and existing under the laws od the State of New York with a principal place of business located at 450 West 31st Street, New York, NY 10001.

## ANSWERING COUNT I – NEGLIGENCE
## FFIC V. 450 WEST 31ST STREET

3.     Responding to the paragraph of the Complaint designated "24", defendants repeat, reiterate each and every admission, denial and other response heretofore made to the preceding paragraphs with the same force and effect as if set forth at length herein.

4.     Deny any sufficient knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation contained in the paragraphs of the Complaint designated "25", "26", "27" and "28".

## ANSWERING COUNT II- BREACH OF LEASE
## FFIC V. 450 WEST 31ST STREET

5.     Responding to the paragraph of the Complaint designated "29" defendants repeat, reiterate each and every admission, denial and other response heretofore made to the preceding paragraphs with the same force and effect as if set forth at length herein.

6.     Deny any sufficient knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation contained in the paragraphs of the Complaint designated "30", "31", "32", "33", "34", "35" and "36".

### ANSWERING COUNT III- NEGLIGENCE
### FFIC V. RENOVATIONS MECHANICAL

7.      Responding to the paragraph of the Complaint designated "37" defendants repeat, reiterate each and every admission, denial and other response heretofore made to the preceding paragraphs with the same force and effect as if set forth at length herein.

8.      Deny any sufficient knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation contained in the paragraphs of the Complaint designated "38", "39", "40" and "41".

### ANSWERING COUNT IV- NEGLIGENCE
### FFIC V. TPC

9.      Responding to the paragraph of the Complaint designated "42" defendants repeat, reiterate each and every admission, denial and other response heretofore made to the preceding paragraphs with the same force and effect as if set forth at length herein.

10.     Deny each and every allegation contained in the paragraph of the Complaint designated "43".

11.     Deny any sufficient knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation contained in the paragraphs of the Complaint designated "44", "45" and "46".

### ANSWERING COUNT V- NEGLIGENCE-
### FFIC V. METROMOTION

12.     Responding to the paragraph of the Complaint designated "47" defendants repeat, reiterate each and every admission, denial and other response heretofore made to the preceding paragraphs with the same force and effect as if set forth at length herein.

13.    Deny each and every allegation contained in the paragraphs of the Complaint designated "48", "49", "50" and "51".

### ANSWERING COUNT V1- NEGLIGENCE-
### FFIC V. DAYLIGHT STUDIOS

14.    Responding to the paragraph of the Complaint designated "52" defendants repeat, reiterate each and every admission, denial and other response heretofore made to the preceding paragraphs with the same force and effect as if set forth at length herein.

15.    Deny each and every allegation contained in the paragraphs of the Complaint designated "53", "54", "55" and "56".

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

16.    That the plaintiff's alleged damages representing the cost of medical care, dental care, custodial care or rehabilitation services, loss of earnings or other economic loss were or will, with reasonable certainty, be replaced or indemnified, in whole or in part, by or from a collateral source and this Court shall, pursuant to CPLR Section 4545(c), reduce the amount of such alleged damages by the amount such damages were or will be replaced or indemnified by such collateral source.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

17.    This party's responsibility for non-economic loss, if any, which is expressly denied herein, is less than 50% of any responsibility attributed to any tortfeasor, whether or not a party hereto, who is or may be responsible for the happening of plaintiff's alleged accident and, thus, this party is entitled to a limitation of damages as set forth in CPLR Article 16.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

18.    The injuries and damages allegedly sustained by plaintiff were caused in whole or in part by the culpable conduct of plaintiff, including negligence and assumption of risk, as a result of which the claim of plaintiff is therefore barred or diminished in the proportion that such culpable conduct of plaintiff bears to the total culpable conduct causing the alleged injuries and damages.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

19.    The Complaint fails to state a cause of action upon which relief can be granted as to this party.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

20.    Upon information and belief plaintiff failed to mitigate damages.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

21.    That the plaintiff has failed to join, as defendants, all necessary and proper parties in this action.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

22.    Upon information and belief, when the product left this answering defendant's control, the product was fit and proper for the use for which it was designed and intended.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

23.    That plaintiff's own actions were the sole proximate cause of any claimed injuries sustained by plaintiff.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

24.    Plaintiff's causes of action are barred by waiver of subrogations as against these answering defendants.

**AS AND FOR A FIRST CROSS-CLAIM FOR COMMON LAW INDEMNIFICATON AGAINST CO-DEFENDANTS, 450 WEST 31ST STREET OWNERS CORP., RENOVATIONS MECHANICAL CONTRACTING INCORPORATED and TPC II CONTRACTORS INC., THESE DEFENDANTS ALLEGE THE FOLLOWING:**

That if plaintiff was caused to sustain injuries and/or damages at the time and place set forth in the Complaint through any carelessness, recklessness and/or negligence other than the plaintiff's own, such damages were sustained in whole or in part due to the primary and active carelessness, recklessness and negligence and/or negligent acts of omission or commission of the co-defendants, its agent(s), servant(s) and/or employee(s) with the negligence of these answering defendants, if any, being secondary, derivative and created solely by operation of law.

If plaintiff should recover judgment against the answering defendants, then co-defendants shall be liable to fully indemnify these answering defendants for the amount of any recovery obtained herein by plaintiff against these answering defendants as the Court or jury may direct.

That by reason of this action, answering defendants have been and will be put to costs and expenses, including attorneys' fees, and, these defendants demand judgment dismissing the Complaint herein as to these defendants and, further, demands judgment over and against co-defendants for the amount of any judgment which may be obtained herein by the plaintiff against these answering defendants or in such amount as a Court or jury may determine, together with the costs and disbursements of the action.

**AS AND FOR A SECOND CROSS-CLAIM FOR COMMON LAW NEGLIGENCE AGAINST CO-DEFENDANTS, 450 WEST 31ST STREET OWNERS CORP., RENOVATIONS MECHANICAL CONTRACTING INCORPORATED and TPC II CONTRACTORS INC., THESE DEFENDANTS ALLEGE THE FOLLOWING:**

That if plaintiff was caused to sustain injuries and/or damages at the time and place set forth in the Complaint through any carelessness, recklessness and/or negligence other than the plaintiff's own, such damages were sustained in whole or in part by any reason of the carelessness, recklessness and negligence and/or negligent acts of omission or commission of co-defendants, its agent(s), servant(s) and/or employee(s).

Further, if plaintiff should recover judgment against these answering defendants, the co-defendants shall be liable to this defendant on the basis of apportionment of responsibility for the alleged occurrence and this defendant is entitled to contribution from and judgment over and against co-defendants for all or part of any verdict or judgment which plaintiff may recover in such amounts as a jury or Court may direct.

These defendants demand judgment dismissing the Complaint herein as to the answering defendants, and further demand judgment over and against co-defendants for the amount of any judgment which may be obtained herein by plaintiff against these answering defendants or in such amount as the Court or jury may determine, together with the costs and disbursements of the action.

WHEREFORE, defendants, demand judgment dismissing the Complaint together with the costs and disbursements of this action.

Dated: New York, New York
           August 11, 2008

LAW OFFICE OF JOHN P. HUMPHREYS
FREDERICK D SCHMIDT JR(FDS- )
Attorneys for Defendants
**METROMOTION PRODUCTIONS
and DAYLIGHT STUDIOS, L.L.C.**
485 Lexington Avenue, 7th Floor
New York, NY  10017
(917) 778-6600
Matter No.:  0925653FS

TO:

COZEN O'CONNOR
Plaintiff Counsel
45 Broadway, 10th Floor
New York, NY 10006
(212) 509-9400

450 WEST 31ST STREET OWNERS CORP.
450 West 31st Street
New York, NY 10001

RENOVATIONS MECHANICAL
CONTRACTING INCORPORATED
111 Elmwood Avenue
Langhorne, PA 19047

TPC II CONTRACTORS INC.
140 35TH Street
Brooklyn, NY 11232

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
FIREMAN'S FUND INSURANCE
COMPANY, as subrogee of Evergreene
Painting Studios, Inc.
777 San Marin Drive
Novato, CA,

                                Plaintiff,

        -v-

450 WEST 31ST STREET OWNERS CORP.
450 West 31st Street
New York, NY 10001

RENOVATIONS MECHANICAL
CONTRACTING INCORPORATED
111 Elmwood Avenue
Langhorne, PA 19047

TPC II CONTRACTORS INC.
140 35TH Street
Brooklyn, NY 11232

METROMOTIONS PRODUCTIONS, INC.
450 West 31st Street, 8th Floor
New York, NY 10001

        -and-

DAYLIGHT STUDIOS, L.L.C.
450 West 31st Street, 8th Floor
New York, NY 10001

                        Defendants.
------------------------------------------------------------------------X

**DEFENDANTS
METROMOTION, INC.
AND DAYLIGHT STUDIOS,
INC.'s FIRST SET OF
INTERROGATORIES TO
THE PLAINTIFF**

Index No.:  08 CV 5365

      Defendants, METROMOTION PRODUCTIONS and DAYLIGHT STUDIOS, L.L.C., as and for their disclosure under Rule 26 of the Federal Rules of Civil Procedure, hereby set forth as follows:

1.     Individuals with discoverable information:

2.     Relevant documents and tangible things under parties' control.

3.     Information related to calculation of damages.

4.     With respect to the alleged property damages, please set forth the following:

   a)   Each and every act and/or omission constituting the alleged negligence of these answering defendants as well as whether this is an action for subrogation.

Dated: New York, New York
       August 11, 2008

                              LAW OFFICE OF JOHN P. HUMPHREYS
                              FREDERICK D SCHMIDT JR (FDS-$\xi\xi\cdot$ )
                              Attorneys for Defendants
                              **METROMOTION PRODUCTIONS
                              and DAYLIGHT STUDIOS, L.L.C.**
                              485 Lexington Avenue, 7th Floor
                              New York, NY  10017
                              (917) 778-6600
                              Matter No.:  0925653FS

TO:

COZEN O'CONNOR
Plaintiff Counsel
45 Broadway, 10th Floor
New York, NY 10006
(212) 509-9400


450 WEST 31ST STREET OWNERS CORP.
450 West 31st Street
New York, NY 10001

RENOVATIONS MECHANICAL
CONTRACTING INCORPORATED
111 Elmwood Avenue
Langhorne, PA 19047

TPC II CONTRACTORS INC.
140 35TH Street
Brooklyn, NY 11232

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
FIREMAN'S FUND INSURANCE
COMPANY, as subrogee of Evergreene
Painting Studios, Inc.
777 San Marin Drive                                    **NOTICE FOR DISCOVERY**
Novato, CA,                                            **AND INSPECTION**

                                    Plaintiff,

            -v-                                        Index No.:  08 CV 5365

450 WEST 31ST STREET OWNERS CORP.
450 West 31st Street
New York, NY 10001

RENOVATIONS MECHANICAL
CONTRACTING INCORPORATED
111 Elmwood Avenue
Langhorne, PA 19047

TPC II CONTRACTORS INC.
140 35TH Street
Brooklyn, NY 11232

METROMOTIONS PRODUCTIONS, INC.
450 West 31st Street, 8th Floor
New York, NY 10001

            -and-

DAYLIGHT STUDIOS, L.L.C.
450 West 31st Street, 8th Floor
New York, NY 10001

                                    Defendants.
-------------------------------------------------------------------------X

**PLEASE TAKE NOTICE**, that pursuant to CPLR Section 3101, et seq., the below named

attorneys demand that you produce the following items within thirty (30) days after receipt of

this Demand. If plaintiff is an insurance company, "plaintiff" refers to its subrogor.

    1.      The names and addresses of any persons claimed to be witness to:

(a)    The occurrence alleged in the complaint, or

(b)    Acts, omissions, defects or conditions which allegedly
caused the occurrence set forth in the complaint, or

(c )    The name and address of any person claiming actual notice
to the defendant of any conditions which is alleged to have
caused the occurrence set forth in the complaint and the
date and manner thereof.  If in writing, supply a copy
thereof, or

(d)    The nature and duration of any alleged condition which
allegedly caused the occurrence set forth in the complaint.

2.    A copy of any and all statements made by or taken from any of the defendants, its

agents, servants and/or employees in your possession, custody or control or presently in the

possession of a party you represent.

3.    A copy of any accident or incident reports, referable to the events complained of

herein, prepared by any entity in the regular course of its business.

4.    A copy of the reports or appraisals of any adjusters or adjustment companies

purporting to reflect the damages allegedly sustained by the plaintiff herein.

5.    A copy of any insurance policies (property damage, business interruption) and

claims or reports filed with any insurance or claim adjusting company, by or on behalf of the

plaintiff herein, referable to the damage allegedly sustained.

6.    The names and addresses of any person who inspected the demised premises

referable to any of the complained of conditions and/or damages sustained.  You are required to

produce copies of the notes or memoranda taken by any such persons, as well as copies of any

reports rendered by such person.

7.    Duplicate prints of any photographs in your possession depicting:

(a)    the alleged condition claimed to have caused and/or
contributed to damaged allegedly sustained by the plaintiff;

    (b)    the damages allegedly sustained by the plaintiff herein;

    (c)    the location of the occurrence taken both before and after the date of occurrence.

8.    Copies of the following documents:

    (a)    the certificate of incorporation of the plaintiff.

    (b)    the certificate of doing business filed by each plaintiff each jurisdiction in which each plaintiff conducts business;

    (c)    the certificate of incorporation of any predecessor corporation of the plaintiff herein;

    (d)    the certificate of doing business filed by each predecessor corporation of the plaintiffs in each jurisdiction where each corporation conducted business.

    (e)    the certificate of incorporation of any successor corporation of the plaintiffs herein.

    (f)    The certificate of doing business filed by each successor corporation of the plaintiffs in each jurisdiction where such corporation conducts business.

    (g)    copies of all contracts, order forms, and, inventory lists relevant to plaintiff's purchase of inventory from its supplies, from one year prior to the date of loss through and including the present date;

    (h)    copies of all contracts, order forms, and inventory lists relevant to plaintiff's sales to its customers, from one year prior to date of loss through and including the present date.

9.    The name and address of each of the following:

    (a)    any predecessor corporation of the plaintiff herein;

    (b)    any successor corporation of the plaintiff herein;

(c)    any affiliate or sister corporation of plaintiff herein.

(d)    any subsidiary of the plaintiff herein;

(e)    any parent corporation of the plaintiff herein.

10.    Copies of the following documents referable to the plaintiff herein, and any predecessor of successor corporations, affiliates, subsidiaries and/or parent corporations:

(a)    tax returns and statements filed with the Internal Revenue Service from two (2) years prior to the date of loss and two (2) years subsequent to loss through and including the present date;

(b)    tax returns and statements filed with the New York State Department of Taxation and Finance from two (2) years prior to the date of loss and two (2) years subsequent to loss through and including the present date;

(c)    tax returns and statements filed with the City of New York from two (2) years prior to the date of loss and two (2) years subsequent to loss through and including the present date;

(d)    New York State Franchise Tax returns and statements from two (2) years prior to the date of loss and two (2) years subsequent to loss through and including the present date;

(e)    Statements of Net Worth, Financial Statements and/or Corporate Appraisals from two (2) years prior to the date of loss and two (2) years subsequent to loss through and including the present date;

(f)    minutes of meetings of the Board of Directors and Shareholder Meetings from two (2) years prior to the date of loss and two (2) years subsequent to loss through and including the present date;

(g)    corporate resolutions declaring payment of dividends to shareholders from two (2) years prior to the date of loss and two (2) years subsequent to loss through and including the present date;

(h)    copies of all contracts, order forms, inventory lists relevant to any predecessor's or successors corporations, affiliates; subsidiaries and/or parent corporations' purchase of inventory from their suppliers from two (2) years prior to the date of loss and two (2) years subsequent to loss through and including the present date;

(i)    copies of all contracts, order forms and inventory lists relevant to any predecessors' or successors corporations' affiliates; subsidiaries and/or parent corporation; sales to their customers from two (2) years prior to the date of loss and two (2) years subsequent to loss through and including the present date;

11.    The names and addresses of the sources and/or suppliers of inventory, equipment and fixtures together with records of all transactions with such entities from two years prior to the incident through and including the present date.

12.    The names and addresses of the plaintiff's predecessors, successors corporations'; affiliates; subsidiaries' or parent corporation' clients and/or customers, together with records of all transactions with such entities from two years prior to the incident through and including the present date.

13.    Produce inventory lists and/or summaries relative to the plaintiff's business from two (2) years prior to date of loss through and including the present date.

14.    Copies of invoices and bills for any purchase or expense made or incurred to alleviate or remedy the alleged conditions in the location herein.

15.    Copies of any notices given to or by any municipal authority relevant to the conditions and/or events giving rise to the instant litigation.

16.    A complete copy of the subrogation claim file including but not limited to all appraisal reports, insurance policy, proofs of law, subrogation receipts, photo, notice, public adjuster reports, correspondence, claim files, documents, canceled checks showing purchase

price of damaged goods, documents reflecting fair market value of damaged goods and all salvage information.

17.    A copy of the lease agreement for the location where the incident occurred in effect on the date of loss.

18.    The name and address of all employees of the plaintiff employed at the premises where the incident occurred for two years prior to the date of the incident through two months following the incident.

19.    The foregoing demands are continuing.  In the events of any of the above items are obtained after service of this demand they are to be furnished to this office within thirty (30) days of receipt of the plaintiff, co-defendant, or their respective attorneys.

TAKE FURTHER NOTICE, that if the demanded information is not known it must be so stated in a sworn reply.  This defendant will object at the time of trial to the testimony of any witness not supplied in accordance with this demand and will take all steps permitted by the CPLR to preserve its rights as to al other demands.

PLEASE TAKE FURTHER NOTICE, that compliance can be made by forwarding a copy of these documents through the United States Postal Service within the time allowed.

Dated: New York, New York
      August 11, 2008

                          LAW OFFICE OF JOHN P. HUMPHREYS
                          FREDERICK D SCHMIDT JR (FDS-    )
                          Attorneys for Defendants
                          **METROMOTION PRODUCTIONS**
                          **and DAYLIGHT STUDIOS, L.L.C.**
                          485 Lexington Avenue, 7th Floor
                          New York, NY  10017
                          (917) 778-6600
                          Matter No.: 0925653FS

TO:

COZEN O'CONNOR
Plaintiff Counsel
45 Broadway, 10th Floor
New York, NY 10006
(212) 509-9400

450 WEST 31ST STREET OWNERS CORP.
450 West 31st Street
New York, NY 10001

RENOVATIONS MECHANICAL
CONTRACTING INCORPORATED
111 Elmwood Avenue
Langhorne, PA 19047

TPC II CONTRACTORS INC.
140 35TH Street
Brooklyn, NY 11232

STATE OF NEW YORK
COUNTY OF NEW YORK

**AFFIDAVIT OF SERVICE
BY MAIL**

    I, MARIA PIZZO, being duly sworn, deposed and says that deponent is a secretary of the LAW OFFICE OF JOHN P. HUMPHREYS, attorneys for one of the parties herein; is over 18 years of age; is not a party to the action. The deponent served the papers noted below by regular mail, the same securely enclosed in the postage paid wrapper in the Letter Box maintained and exclusively controlled by the United States Postal Service at 485 Lexington Avenue, New York, New York 10017; directed to the said attorney(s) at the address indicated below; that being the address within the state designated by said attorney(s) for that purpose, or the place where said attorneys(s) then kept an office, between which places there then was and now is a regular communication by mail as follows:

**Date mailed:**      August 11, 2008

**Papers Served:**      **ANSWER WITH AFFIRMATIVE DEFENSES, CROSS-CLAIMS, DEFENDANTS FIRST SET OF INTERROGATORIES AND NOTICE FOR DISCOVERY AND INSPECTION**

    TO:

COZEN O'CONNOR
Plaintiff Counsel
45 Broadway, 10th Floor
New York, NY 10006
(212) 509-9400

450 WEST 31ST STREET OWNERS CORP.
450 West 31st Street
New York, NY 10001

RENOVATIONS MECHANICAL
CONTRACTING INCORPORATED
111 Elmwood Avenue
Langhorne, PA 19047

TPC II CONTRACTORS INC.
140 35TH Street
Brooklyn, NY 11232

*Maria Pizzo*
MARIA PIZZO

Sworn to before me this

11th day of August, 2008

Notary Public

LAMBERTO Q. SESE
Notary Public, State of New York
No. 01SE6080713
Qualified in New York County
Commission Expires September 23, 20__

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK                                    Index No. :5365/08

FIRMAN'S FUND INSURANCE COMPANY, AS SUBROGEE OF
EVERGREEN PAINTING STUDIOS, INC., 777 SAN MARIN DRIVE,
NOVATO, CA

                                                              Plaintiff.

          -against-

450 WEST 31ST STREET OWNERS CORP.
450 West 31st Street, New York, NY 10001

RENOVATIONS MECHANICAL
CONTRACTING INCORPORATED
111 Elmwood Avenue, Langhorne, PA 19047

TPC II CONTRACTORS INC.
140 35TH Street,Brooklyn, NY 11232

METROMOTIONS PRODUCTIONS, INC.
450 West 31st Street, 8th Floor, New York, NY 10001
          -and-

DAYLIGHT STUDIOS, L.L.C.
450 West 31st Street, 8th Floor, New York, NY 10001

                                                              Defendants.

## ANSWER WITH AFFIRMATIVE DEFENSES, CROSS-CLAIMS, DEFENDANT'S FIRST SET OF INTERROGATORIES AND NOTICE FOR DISCOVERY AND INSPECTION

Law Office of
**JOHN P. HUMPHREYS**

Attorneys for Defendant
**METROMOTION PRODUCTIONS**
Office & P.O. Address
**485 Lexington Avenue, 7th Floor**
**New York, New York 10017**

Tel. No.: (917) 778-6600
Fax No.: (917) 778-7020
         (917) 778-7022

Service of a copy of the within                          is hereby admitted.

Dated:

## NOTICE OF ENTRY:

        **PLEASE TAKE NOTICE** that the within is a true copy of an order entered in office of the Clerk of the above Court on the ____ day of _____ 200 .

## NOTICE OF SETTLEMENT:

        **PLEASE TAKE NOTICE** that the within proposed order will be presented for settlement and entry at the Courthouse on the _____ day of _____ 200 , at 10:00 a.m. at the office of the Clerk of the Part of this Court where the within described motion was heard.

Dated:     New York, New York                    Law Office of
                                                  **JOHN P. HUMPHREYS**
                                                  Attorneys for Defendant(s)
                                                  As Designated Above