UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
FIREMAN'S FUND INSURANCE COMPANY,
As subrogee of Evergreene Painting Studios, Inc.

                      Plaintiff,

-against-

450 WEST 31ST STREET OWNERS CORP.,
RENOVATIONS MECHANICAL CONTRACTING
INCORPORATED, TPC II CONTRACTORS, INC.,
METROMOTION PRODUCTIONS, INC. and
DAYLIGHT STUDIOS, L.L.C.

                      Defendants.
-------------------------------------------------------------------X

Civil Action No.:
08-CV-5365

Judge McMahon
Magistrate Dolinger

**ANSWER, CROSS-CLAIMS,
AND DEMAND FOR
<u>JURY TRIAL</u>**

Defendant, 450 WEST 31st OWNERS CORP., (incorrectly sued herein as 450 West 31st Street Owners Corp.), by and through its attorneys, Speyer & Perlberg, LLP, as and for its Answer to the Complaint, states as follows:

### AS AND FOR AN ANSWER TO THE PARTIES

1.     Denies knowledge or information sufficient to form a belief as to the truth of the matters asserted in paragraphs 1, 2, 3, 6, 7, 8, 9, 10, 11, and 12 of the Complaint.

### AS AND FOR AN ANSWER TO JURISDICTION AND VENUE

2.     Denies knowledge or information sufficient to form a belief as to the truth of the matters asserted in paragraphs 13 and 14 of the Complaint.

### AS AND FOR AN ANSWER TO GENERAL ALLEGATIONS

3.     Denies knowledge or information sufficient to form a belief as to the truth of the matters asserted in paragraphs 15, 16, 17, 18, 20, 22, and 23 of the Complaint.

4.  Denies knowledge or information sufficient to form a belief as to the truth of the matters asserted in paragraph 19 of the Complaint. Moreover, defendant states that this allegation is incomplete and unintelligible. Therefore, defendant calls for plaintiff to provide a more definite statement.

5.  Denies each and every allegation asserted in paragraph 20 of the Complaint to the extent that the allegations are directed against 450 WEST 31ST OWNERS CORP. To the extent that the allegations are asserted against the co-defendants, the answering defendant denies knowledge or information sufficient to form a belief as to the truth of the matters asserted in paragraph 20 of the Complaint.

### AS AND FOR AN ANSWER TO COUNT I
### NEGLIGENCE
### FFIC v. 450 WEST 31ST STREET

6.  Defendant repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 5 above as if set forth more fully herein at length.

7.  Denies each and every allegation set forth in paragraphs 25, 25a, 25b, 25c, 25d, 25e, 25f, and 26 of the Complaint.

8.  Denies knowledge or information sufficient to form a belief as to the truth of the matters set forth in paragraphs 27 and 28 of the Complaint.

### AS AND FOR AN ANSWER TO COUNT II
### BREACH OF LEASE
### FFIC v. 450 WEST 31ST STREET

9.  Defendant repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 8 above as if set forth more fully herein at length.

10. Denies knowledge or information sufficient to form a belief as to the truth of the matters set forth in paragraphs 30, 31, 35, and 36 of the Complaint.

11. Denies each and every allegation set forth in paragraphs 32, 33, and 34 of the Complaint.

## AS AND FOR AN ANSWER TO COUNT III
## NEGLIGENCE
## FFIC v. RENOVATIONS MECHANICAL

12. Defendant repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 11 above as if set forth more fully herein at length.

13. Denies knowledge or information sufficient to form a belief as to the truth of the matters set forth in paragraphs 38, 38a, 38b, 38c, 38d, 38e, 38f, 39, 40, and 41 of the Complaint.

## AS AND FOR AN ANSWER TO COUNT IV
## NEGLIGENCE
## FFIC v. TPC

14. Defendant repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 13 above as if set forth more fully herein at length.

15. Denies knowledge or information sufficient to form a belief as to the truth of the matters set forth in paragraphs 43, 43a, 43b, 43c, 43d, 43e, 44, 45, and 46 of the Complaint.

## AS AND FOR AN ANSWER TO COUNT V
## NEGLIGENCE
## FFIC v. METROMOTION

16. Defendant repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 15 above as if set forth more fully herein at length.

17. Denies knowledge or information sufficient to form a belief as to the truth of the matters set forth in paragraphs 48, 48a, 48b, 48c, 48d, 49, 50, and 51 of the Complaint.

## AS AND FOR AN ANSWER TO COUNT VI
## NEGLIGENCE
## FFIC v. DAYLIGHT STUDIOS

18. Defendant repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 17 above as if set forth more fully herein at length.

19. Denies knowledge or information sufficient to form a belief as to the truth of the matters set forth in paragraphs 53, 53a, 53b, 53c, 53d, 54, 55, and 56 of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE
(Waiver of Subrogation Clause in the 450 West-Evergreene Lease)

20. Defendant repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 19 above as if set forth more fully herein at length.

21. Prior to March 20, 2006, plaintiff's subrogor, Evergreene Painting Studios, Inc. ("Evergreene"), was a tenant on the 6th and 7th floors of the premises, located at 450 West 31st Street, New York, New York (the "Premises").

22. Prior to March 20, 2006, Evergreene entered into a written Proprietary Lease with 450 WEST 31ST OWNERS CORP. ("450 West") with respect to the 6th and 7th floors of the Premises. (The lease will be referred to herein as the "450 West-Evergreene Lease".)

23. The 450 West-Evergreene Lease contains an express "waiver of subrogation" clause, pursuant to which Evergreene agreed not to institute any legal action against 450 West with respect to the alleged negligence of 450 West and/or with respect to the alleged breach of the 450 West-Evergreene Lease by 450 West.

24. By virtue of the "waiver of subrogation" clause in the 450 West-Evergreene Lease, plaintiff Evergreene is contractually precluded from bringing this lawsuit against 450 West.

25. By reason of the foregoing, the defendant is not liable to the plaintiff in any manner or for any amount.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE
(Waiver of Subrogation Clauses in the Evergreene SubLeases)

26. Defendant repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 25 above as if set forth more fully herein at length.

27. Prior to March 20, 2006, Evergreene was a subtenant to the tenants of the 6th and 7th floors of the Premises.

28. Prior to March 20, 2006, Evergreene entered into written subleases (the "Evegreene SubLeases") with the tenants of the 6th and 7th floors of the Premises.

29. The Evergreene SubLeases expressly state that they are subject to and subordinate to the Proprietary Leases that the tenants of the 6th and 7th floors entered into with 450 West.

30. The Evergreene SubLease also expressly states that the tenant, Evergreene, agrees to abide by all of the terms, covenants, and conditions of the Proprietary Leases that the tenants of the 6th and 7th floors entered into with 450 West, which shall be incorporated in the Evergreene SubLeases.

31. The Proprietary Leases that the tenants of the 6th and 7th floors entered into with 450 West contain express "waiver of subrogation" clauses, pursuant to which those tenants agreed not to institute any legal action against 450 West with respect to

the alleged negligence of 450 West and/or with respect to the alleged breach of the Proprietary Leases by 450 West.

32. By virtue of the "waiver of subrogation" clause in the Proprietary Leases entered into between the tenants of the 6th and 7th floors and 450 West, and the incorporation of those Proprietary Leases into the Evergreene SubLease, plaintiff Evergreene is contractually precluded from bringing this lawsuit against 450 West.

33. By reason of the foregoing, the defendant is not liable to the plaintiff in any manner or for any amount.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE
#### (No Control or Knowledge)

34. Defendant repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 33 above as if set forth more fully herein at length.

35. If a gas fired heater was installed on the ceiling of the 8th floor of the Premises in close proximity to a sprinkler head prior to March 20, 2006:

    a. it was done by third-parties over whom the defendant had no control, authority, or contractual relationship; and

    b. it was done without the defendant having actual or constructive knowledge thereof.

36. By reason of the foregoing, the defendant is not liable to the plaintiff in any manner or for any amount.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE
(No Consent or Knowledge)

37. Defendant repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 36 above as if set forth more fully herein at length.

38. If a gas fired heater was installed on the ceiling of the 8th floor of the Premises in close proximity to a sprinkler head prior to March 20, 2006 by a tenant and/or subtenant of the Premises:

    a. it was done without the defendant's implied consent, or express, written consent; and

    b. the defendant did not have actual or constructive knowledge that the gas fired heaters were installed.

39. The 450 West-Evergreene Lease does not require the defendant to maintain or repair a heating system that has been installed without the knowledge or consent of 450 West.

40. As such, the defendant is not liable in any manner or for any amount, in negligence or for breach of the 450 West-Evergreene Lease.

### AS AND FOR A FIRST CROSS-CLAIM
### 450 West v. MetroMotion Productions, Inc.
(Indemnification and Contribution for Breach of Lease)

41. Defendant repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 40 above as if set forth more fully herein at length.

42. Prior to March 20, 2006, defendant METROMOTION PRODUCTIONS, INC. ("MetroMotion") was a tenant on the 8th floor of the Premises.

43. Prior to March 20, 2006, MetroMotion entered into a written Proprietary Lease with 450 West with respect to the 8th floor of the Premises. (The Proprietary Lease shall be referred to herein as the "450 West-MetroMotion Lease".)

44. The 450 West-MetroMotion Lease contains an express provision that requires MetroMotion to refrain from making any alterations or additions to the Premises unless MetroMotion first obtains the express, written consent of 450 West.

45. Prior to March 20, 2006, MetroMotion installed gas fired heaters to the ceiling of the 8th floor of the Premises without first obtaining the express, written consent of 450 West.

46. As such, MetroMotion breached the 450 West-MetroMotion Lease.

47. To the extent that a judgment is obtained against 450 West with respect to the allegations of plaintiff, Evergreene, 450 West will be damaged by MetroMotion's breach of the 450 West-MetroMotion Lease.

48. As such, defendant demands judgment over and against MetroMotion for full indemnification and/or contribution.

### AS AND FOR A SECOND CROSS-CLAIM
### 450 West v. MetroMotion Productions, Inc.
### (Indemnification and Contribution for Breach of SubLease)

49. Defendant repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 48 above as if set forth more fully herein at length.

50. Prior to March 20, 2006, the 8th floor of the Premises was occupied by tenant, Studio Management Corp., which also has offices at 11 East 44th Street, Suite 1700, New York, New York, (hereinafter "Studio Management").

51.    Prior to March 20, 2006, Studio Management had entered into a Proprietary Lease with 450 West.  (The Proprietary Lease will be referred to herein as the "450 West-Studio Management Lease".)

52.    Prior to March 20, 2006, defendant MetroMotion was a subtenant to Studio Management on the 8th floor of the Premises pursuant to a sublease (hereinafter referred to as the "Studio Management-MetroMotion SubLease").

53.    The Studio Management-MetroMotion SubLease expressly states that it is subject to and subordinate to the 450 West-Studio Management Lease.

54.    The Studio Management-MetroMotion SubLease also expressly states that the tenant, MetroMotion, agrees to abide by all of the terms, covenants, and conditions of the 450 West-Studio Management Lease, which shall be incorporated in the Studio Management-MetroMotion SubLease.

55.    450 West was an intended beneficiary of the Studio Management-MetroMotion SubLease.

56.    The 450 West-Studio Management Lease contains an express provision that requires tenant, Studio Management, to refrain from making any alterations or additions to the Premises unless the tenant first obtains the express, written consent of 450 West.

57.    Prior to March 20, 2006, MetroMotion installed gas fired heaters to the ceiling of the 8th floor of the Premises without first obtaining the express, written consent of 450 West.

58. By virtue of the incorporation of the 450 West-Studio Management Lease into the Studio Management-MetroMotion SubLease, MetroMotion breached the Studio Management-MetroMotion SubLease, to the detriment of 450 West.

59. To the extent that a judgment is obtained against 450 West with respect to the allegations of plaintiff, Evergreene, 450 West will be damaged by MetroMotion's breach of the Studio Management-MetroMotion SubLease.

60. As such, defendant demands judgment over and against MetroMotion for full indemnification and/or contribution.

### AS AND FOR A THIRD CROSS-CLAIM
### 450 West v. MetroMotion Productions, Inc.
### (Indemnification and Contribution for Negligence)

61. Defendant repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 60 above as if set forth more fully herein at length.

62. MetroMotion owed a duty of care to 450 West.

63. MetroMotion breached that duty of care when it negligently created a dangerous condition by installing gas fired heaters in close proximity to sprinkler heads on the ceiling of the 8th floor of the Premises, with no fault of defendant contributing thereto.

64. To the extent that plaintiff, Evergreene, obtains a judgment against 450 West, defendant 450 West will have been damaged by the negligence of MetroMotion.

65. As such, defendant demands judgment over and against MetroMotion for full indemnification and contribution.

## AS AND FOR A FOURTH CROSS-CLAIM
### 450 West v. Daylight Studios, L.L.C.
### (Indemnification and Contribution for Breach of Lease)

66. Defendant repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 65 above as if set forth more fully herein at length.

67. Prior to March 20, 2006, defendant DAYLIGHT STUDIOS, L.L.C. ("Daylight Studios") was a tenant on the 8th floor of the Premises.

68. Prior to March 20, 2006, Daylight Studios entered into a written Proprietary Lease with 450 West with respect to the 8th floor of the Premises. (The Proprietary Lease shall be referred to herein as the "450 West-Daylight Studios Lease".)

69. The 450 West-Daylight Studios Lease contains an express provision that requires Daylight Studios to refrain from making any alterations or additions to the Premises unless Daylight Studios first obtains the express, written consent of 450 West.

70. Prior to March 20, 2006, Daylight Studios installed gas fired heaters to the ceiling of the 8th floor of the Premises without first obtaining the express, written consent of 450 West.

71. As such, Daylight Studios breached the 450 West-Daylight Studios Lease.

72. To the extent that a judgment is obtained against 450 West with respect to the allegations of plaintiff, Evergreene, 450 West will be damaged by Daylight Studio's breach of the 450 West-Daylight Studios Lease.

73. As such, defendant demands judgment over and against Daylight Studios for full indemnification and/or contribution.

**AS AND FOR A FIFTH CROSS-CLAIM**
**450 West v. Daylight Studios, L.L.C.**
**(Indemnification and Contribution for Breach of SubLease)**

74.     Defendant repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 73 above as if set forth more fully herein at length.

75.     Prior to March 20, 2006, the 8th floor of the Premises was occupied by a tenant that had entered into a Proprietary Lease with 450 West. (The Proprietary Lease will be referred to herein as the "8th Floor Proprietary Lease".)

76.     Prior to March 20, 2006, defendant Daylight Studios was a subtenant on the 8th floor of the Premises.

77.     Prior to March 20, 2006, defendant Daylight Studios entered into a sublease with the tenant of the 8th floor of the Premises (hereinafter referred to as the "Daylight Studios SubLease").

78.     The Daylight Studios SubLease expressly states that it is subject to and subordinate to the 8th Floor Proprietary Lease.

79.     The Daylight Studios SubLease also expressly states that the tenant, Daylight Studios, agrees to abide by all of the terms, covenants, and conditions of the 8th Floor Proprietary Lease, which shall be incorporated in the Daylight Studios SubLease.

80.     450 West was an intended beneficiary of the Daylight Studios SubLease.

81.     The 8th Floor Proprietary Lease contains an express provision that requires the tenant to refrain from making any alterations or additions to the Premises unless the tenant first obtains the express, written consent of 450 West.

82. Prior to March 20, 2006, Daylight Studios installed gas fired heaters to the ceiling of the 8th floor of the Premises without first obtaining the express, written consent of 450 West.

83. By virtue of the incorporation of the 8th Floor Proprietary Lease into the Daylight Studios SubLease, Daylight Studios breached the Daylight Studios SubLease, to the detriment of 450 West.

84. To the extent that a judgment is obtained against 450 West with respect to the allegations of plaintiff, Evergreene, 450 West will be damaged by Daylight Studio's breach of the Daylight Studios SubLease.

85. As such, defendant demands judgment over and against Daylight Studios for full indemnification and/or contribution.

## AS AND FOR A SIXTH CROSS-CLAIM
### 450 West v. Daylight Studios L.L.C.
### (Indemnification and Contribution for Negligence)

86. Defendant repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 85 above as if set forth more fully herein at length.

87. Daylight Studios owed a duty of care to 450 West.

88. Daylight Studios breached that duty of care when it created a dangerous condition by negligently installing gas fired heaters in close proximity to sprinkler heads on the ceiling of the 8th floor of the Premises, with no fault of defendant contributing thereto.

89. To the extent that plaintiff, Evengreene, obtains a judgment against 450 West, defendant 450 West will have been damaged by the negligence of Daylight Studios.

90.     As such, defendant demands judgment over and against Daylight Studios for full indemnification and contribution.

## AS AND FOR A SEVENTH CROSS-CLAIM
### 450 West v. Renovations Mechanical Contracting Incorporated
(Breach of Contract)

91.     Defendant repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 90 above as if set forth more fully herein at length.

92.     Prior to March 20, 2006, 450 West entered into a written contract with Renovations Mechanical Contracting Incorporated (hereinafter "Renovations Mechanical") pursuant to which Renovations Mechanical was to perform work on the sprinkler system that existed in the Premises, and to advise and/or warn 450 West of all dangerous conditions that could lead to the failure of the sprinkler system.

93.     Prior to March 20, 2006, there existed a dangerous condition with the sprinkler system, to wit, a gas fired heater had been installed on the ceiling of the 8th floor in close proximity to a sprinkler head, which created a risk foreseeable to Renovations Mechanical that the sprinkler system would become engaged and disperse large quantities of water in the absence of smoke or fire.

94.     Prior to March 20, 2006, this dangerous condition was known, or should have been known, to Renovations Mechanical.

95.     Prior to March 20, 2006, Renovations Mechanical failed to advise and/or warn 450 West of this dangerous condition.

96.     As such, Renovations Mechanical breached its contract with 450 West.

97. To the extent that plaintiff, Evengreene, obtains a judgment against 450 West, defendant 450 West will have been damaged by Renovations Mechanical's breach of contract.

98. As such, defendant demands judgment over and against Renovations Mechanical for full indemnification and contribution.

### AS AND FOR AN EIGHTH CROSS-CLAIM
### 450 West v. Renovations Mechanical Contracting Incorporated
### (Negligence)

99. Defendant repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 98 above as if set forth more fully herein at length.

100. Renovations Mechanical owed a duty of care to 450 West to advise it of all dangerous conditions that could lead to the failure of the sprinkler system at the Premises.

101. Renovations Mechanical breached that duty of care when it negligently failed to advise and/or warn 450 West that gas fired heaters had been installed in close proximity to sprinkler heads on the ceiling of the 8th floor of the Premises, which created a risk foreseeable to Renovations Mechancial that the sprinkler system would become engaged and disperse large quantities of water in the absence of smoke or fire.

102. To the extent that plaintiff, Evengreene, obtains a judgment against 450 West, defendant 450 West will have been damaged by the negligence of Renovations Mechanical.

103. As such, defendant demands judgment over and against Renovations Mechanical for full indemnification and contribution.

## AS AND FOR A NINTH CROSS-CLAIM
### 450 West v. TPC II Contractors, Inc.
(Breach of Contract)

104. Defendant repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 103 above as if set forth more fully herein at length.

105. Prior to March 20, 2006, 450 West entered into a written contract with TPC II Contractors, Inc. (hereinafter "TPC") pursuant to which TPC was to inspect, test and/or maintain the sprinkler system that existed in the Premises, and to advise and/or warn 450 West of all dangerous conditions that could lead to the failure of the sprinkler system.

106. Prior to March 20, 2006, there existed a dangerous condition with the sprinkler system, to wit, a gas fired heater had been installed on the ceiling of the 8th floor in close proximity to a sprinkler head, without the knowledge or consent of 450 West, which created a risk foreseeable to TPC that the sprinkler system would become engaged and disperse large quantities of water in the absence of smoke or fire.

107. Prior to March 20, 2006, this dangerous condition was known, or should have been known, to TPC.

108. Prior to March 20, 2006, TPC failed to advise and/or warn 450 West of this dangerous condition.

109. As such, TPC breached its contract with 450 West.

110. To the extent that plaintiff, Evengreene, obtains a judgment against 450 West, defendant 450 West will have been damaged by TPC's breach of contract.

111. As such, defendant demands judgment over and against TPC for full indemnification and contribution.

## AS AND FOR A TENTH CROSS-CLAIM
### 450 West v. TPC II Contractors, Inc.
(Negligence)

112. Defendant repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 111 above as if set forth more fully herein at length.

113. TPC owed a duty of care to 450 West to advise it of all dangerous conditions that could lead to the failure of the sprinkler system at the Premises.

114. TPC breached that duty of care when it negligently failed to advise and/or warn 450 West that gas fired heaters had been installed in close proximity to sprinkler heads on the ceiling of the 8th floor of the Premises, which created a risk foreseeable to TPC that the sprinkler system would become engaged and disperse large quantities of water in the absence of smoke or fire.

115. To the extent that plaintiff, Evengreene, obtains a judgment against 450 West, defendant 450 West will have been damaged by the negligence of TPC.

116. As such, defendant demands judgment over and against TPC for full indemnification and contribution.

WHEREFORE, defendant 450 West 31st Owners Corp., (incorrectly sued herein as 450 West 31st Street Owners Corp.) demands judgment over and against the co-defendants for indemnification and contribution, and also demands judgment dismissing the Complaint in its entirety, with prejudice, together with interest, costs and disbursements of this action, and for such other and further relief as this Court deems just and proper.

Dated:  Melville, New York
        August 25, 2008

SPEYER & PERLBERG, LLP
Attorneys for Defendant
450 WEST 31ST OWNERS CORP.,
(incorrectly sued herein as 450 West 31st Street Owners Corp.)

By: _____
Gina M. Fortunato, Esq. (GF-7545)
115 Broadhollow Road Suite 250
Melville, New York 11747
(631) 673-6670
File No.: 08-143 DMP

/gmf
S:/dmp/450 West 31st Street/legal/Answer.doc

## AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK   )
                    ) SS.:
COUNTY OF SUFFOLK   )

**ANITA MATOS,** being duly sworn deposes and says:

That deponent is not a party to this action, is over eighteen (18) years of age and resides in Deer Park, New York 11729. That on the 26th day August, 2008, deponent served the within **ANSWER, CROSS-CLAIMS AND DEMAND FOR JURY TRIAL** upon:

Robert W. Phelan, Esq.
Cozen O'Connor
45 Broadway Atrium, 16th Floor
New York, NY  10006
(212) 509-9400

the addresses designated by said attorney(s) for that purpose by depositing a true copy of same enclosed in a postpaid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Post Office Department within the State of New York.

_____
**ANITA MATOS**

Sworn to before me this
26th day of August, 2008

_____
**NOTARY PUBLIC**

GINA M. FORTUNATO
Notary Public, State of New York
No. 02FO5078486
Qualified in Suffolk County
Commission Expires May 27, 2011